**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ARTHUR L. HAIRSTON, SR., | : | |
| | : | Civil Action No. |
| Petitioner, | : | 07-5487 (JBS) |
| | : | |
| v. | : | **M E M O R A N D U M** |
| | : | **O R D E R** |
| WARDEN GRONEOLSKY, | : | |
| | : | |
| Respondent. | : | |

This matter is before the Court on November 14, 2007, upon submission of the petition of ARTHUR L. HAIRSTON, SR. (hereinafter "Petitioner") for habeas corpus relief under 28 U.S.C. § 2241,[1] and it appearing that:

1. In 2001, after a jury found him guilty of conspiracy to distribute crack cocaine, Petitioner was convicted on three counts of distribution of crack cocaine, and two counts of

---

[1] Petitioner failed to file an application to proceed in forma pauperis or to prepay his filing fee. Section 1914, the filing fee statute, provides in relevant part that "the clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $ 350 except that on application for a writ of habeas corpus the filing fee shall be $ 5." 28 U.S.C. § 1914(a). The accompanying provision, Section 1915, governs applications filed in forma pauperis and provides, in relevant part, that leave to proceed in forma pauperis may be granted in any suit to a litigant "who submits an affidavit that includes a statement of all assets such [litigant] possesses [if such affidavit demonstrates] that the [litigant] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); see also Clay v. New York Nat'l Bank, 2001 U.S. Dist. LEXIS 3209, at *1 (S.D.N.Y. Mar. 21, 2001). *Therefore, Petitioner must submit his filing fee of $5 or his affidavit of poverty regardless of the outcome of this litigation.*

     aiding and abetting the distribution of crack cocaine.  See United States v. Hairston, 152 F. Supp. 2d 894, 2001 U.S. Dist. LEXIS 8802 (N.D. W. Va. 2001).  Petitioner raises numerous claims challenging his convictions, as well as his sentences imposed by the United States District Court for the Northern District of West Virginia.  See United States v. Hairston, 38 Fed. App. 884 (4th Cir. 2002).  The United States Court of Appeals for the Fourth Circuit affirmed the decision of Petitioner's trial court, see id., and the Supreme Court denied Petitioner certiorari.  See Hairston v. United States, 537 U.S. 964 (2002).

2.    Following his unsuccessful direct appeal, Petitioner filed numerous actions with the Northern District of West Virginia, as well as with this District, appealing all decisions of the Northern District of West Virginia to the Fourth Circuit, and the decision of this District to the Court of Appeals for the Third Circuit.  The entire list of Petitioner's litigations is too extensive to be reproduced in this Order.  It shall suffice, therefore, to note that Petitioner filed two § 2255 motions with the Northern District of West Virginia, and denials of these motions were affirmed by the Fourth Circuit, with certioraris denied by the United States Supreme Court.  See United States v. Hairston, 227 Fed. App. 286 (4th Cir.), cert. denied, 128 S.

Ct. 458 (2007), and United States v. Hairston, 158 Fed. App. 451 (4th Cir. 2005), cert. denied, 126 S. Ct. 2056 (2006).

3. Petitioner's instant § 2241 application could be roughly subdivided into two groups of statements.  Group One expresses Petitioner's frustration with the fact that the Supreme Court of United States, as of now, has not expressly addressed the issue of whether the holding of Blakely v. Washington, 542 U.S. 296 (2004), is retroactively applicable to judgements that became final before the issuance of Blakely.  Group Two of Petitioner's statements presents his argument that the holding of Blakely should be retroactively applicable in general, and to Petitioner's conviction and sentences in particular.[2]  The Petition includes a demand to release Petitioner immediately.

4. A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28

---

[2] In no ambiguous terms, Petitioner informs this Court that he made his Blakely challenge part of his § 2255 motion, and that argument was (a) rejected by the Northern District of West Virginia, and (b) the decision of the Northern District of West Virginia was affirmed by the Fourth Circuit. See Pet. at 6, 1-18; United States v. Hairston, 38 Fed. App. at 887 (discussing the issue in terms of the seminal case, Apprendi v. New Jersey, 530 U.S. 466 (2000)).

U.S.C. § 2243. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.), cert. denied, 490 U.S. 1025 (1985).

5. Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3). As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[3] See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v.

---

[3] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was [*10] imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[4]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a

---

[4] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

5

>       prisoner who is authorized to apply for relief by
>       motion pursuant to this section, shall not be
>       entertained if it appears that the applicant has
>       failed to apply for relief, by motion, to the
>       court which sentenced him, or that such court has
>       denied him relief, unless it also appears that the
>       remedy by motion is inadequate or ineffective to
>       test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."[5]  Id. at 539.

---

[5] The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of §

6.  Turning to the case at bar, Petitioner argues that his sentence is unconstitutional under Blakely. Blakely held that the State of Washington's sentencing scheme, which allowed enhancements to a defendant's sentence based on facts not determined by a jury or a guilty plea, violated the defendant's Sixth Amendment right to a trial by jury. See 542 U.S. at 301-02. Blakely only applies to persons in state custody, but its holding was extended to persons in federal custody by the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), in which the Court held that the U.S. Sentencing Guidelines were advisory. This Court would thus apply Booker, not Blakely, in reviewing Petitioner's Petition.

---

2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions. See Dorsainvil, 119 F.3d at 251. The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Id. at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

7. It is clear that Petitioner's quasi-Booker claim is within the scope of claims that are cognizable under § 2255. See United States v. Holland, 2007 U.S. Dist. LEXIS 89033 (M.D. Pa. Dec. 4, 2007) (where a petitioner filed a pro se document entitled "Blakely Applies Retroactively," the court treated it as an apparent attempt to file a § 2255 motion). Therefore, this Court lacks jurisdiction under § 2241 to entertain Petitioner's claim unless § 2255 is inadequate or ineffective for him to raise it. Booker evolved from the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).[6] In Apprendi, the Supreme Court determined that Apprendi had a constitutional right to have a jury, rather than a judge, find racial bias because the finding was necessary to support an enhanced sentence under the New Jersey hate crimes law. The Supreme Court reversed Apprendi's sentence pursuant to the principle that, "under the Due Process Clause of the Fifth Amendment and the notice

---

[6] The Booker Court traced the evolution of its holding from Apprendi and its progeny, Ring v. Arizona, 536 U.S. 584 (2002), and Blakely. In Ring, the Court held that imposition of the death penalty under Arizona law violated Apprendi because the trial judge determined the presence or absence of aggravating factors required by Arizona law for imposition of the death penalty. Ring, 536 U.S. at 602. In Blakely, the Court determined that application of Washington's sentencing guidelines violated the defendant's rights under Apprendi because "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." Blakely, 124 S.Ct. at 2537 (emphasis in original).

and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Apprendi, 530 U.S. at 476 (quoting Jones, 526 U.S. at 243 n.6, emphasis supplied). In Booker, the Supreme Court determined that, for reasons explained in Apprendi, Ring v. Arizona, 536 U.S. 584 (2002), and Blakely v. Washington, 542 U.S. 296 (2004), application of the Federal Sentencing Guidelines violated the Sixth Amendment because the guidelines required the judge to enhance the sentence based on the judge's determination of facts that were not found by the jury or admitted by defendant.

8. Petitioner cannot raise his quasi-Booker claim in a successive § 2255 motion because Booker has not been made retroactive to cases on collateral review by the Supreme Court.[7] See In re Olopade, 403 F.3d 159 (3d Cir. 2005); see also Tyler v. Cain, 533 U.S. 656 (2001); In re Turner, 267

---

[7] In 1996 Congress amended § 2255 to limit the filing of second or successive motions under § 2255. As amended, § 2255 prohibits a second or successive § 2255 motion unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §§ 2255, ¶ 8.

9

F.3d 225 (3d Cir. 2001).  However, it does not follow that § 2255 is an inadequate or ineffective procedural mechanism for Petitioner to raise his claim.  Section 2255 is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  In re Cradle, 290 F.3d at 539.  Moreover, § 2255 is not inadequate or ineffective for a prisoner like Petitioner to raise a Booker claim, even where he had no earlier opportunity to raise the claim because Booker was not decided until after his conviction became final and his first § 2255 motion was decided.  See Okereke v. United States, 307 F.3d 117 (3d Cir. 2002).  As the Third Circuit reasoned in Okereke:

> Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal. Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument.

Okereke, 307 F.3d at 120-21.  If § 2255 is not an inadequate or ineffective procedural mechanism for a prisoner who had no other opportunity to raise an Apprendi-like claim, Okereke, 307 F.3d at 120-21, it follows that it is not an

    inadequate or ineffective vehicle for a petitioner to have raised his quasi-Booker claim.  Like Apprendi, Booker deals with sentencing and does not decriminalize the conduct for which Petitioner was convicted.  Accordingly, this Court lacks jurisdiction to entertain Petitioner's Booker claim under § 2241.  See Silvestre v. Yost, 2005 WL 3196600 *2 (3d Cir. Nov. 30, 2005) (affirming dismissal of § 2241 petition for lack of jurisdiction because § 2255 is not inadequate or ineffective for Booker claim); Goldberg v. Bonaforte, 2005 WL 1491220 (3d Cir. June 24, 2005).

9.    The Third Circuit has made clear that the ruling in Booker does not apply retroactively.  See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005) (Booker does not apply retroactively under § 2255); see also In re Olopade, 403 F.3d 159 (3d Cir. 2005).[8]  While the Petitioner invites this Court to somehow overrule the decision by the Court of Appeals for the Third Circuit, this Court cannot accept such an the invitation and finds that the holding of Booker is not retroactively applicable to judgments that became final

---

[8] Since the Petition vaguely mentions the holding of Apprendi v. New Jersey, 530 U.S. 466 (2000), the Court notes that Apprendi does not apply retroactively to § 2255 motions because "[i]ts application affects only the enhancement of a defendant's sentence after he or she has already been convicted by proof beyond a reasonable doubt." United States v. Jenkins, 333 F.3d 151, 154 (3d Cir. 2003).

11

  on direct review prior to the dates of issuance of the Booker decision.

10. Petitioner appears to maintain that the Blakely-Booker rule should be applied to him because the Blakely decision was issued while his § 2255 motion was still pending. Petitioner errs. Petitioner's judgment became final on October 15, 2002, when the U.S. Supreme Court denied his petition for a writ of certiorari, which was well before the decision in Booker, decided on January 12, 2005, and even prior to issuance of Blakely, which took place on June 24, 2004. Simply put, the Booker rule (or the Blakely rule, had it been applicable to federal prisoners) does not apply retroactively to Petitioner. See Spencer v. United States, 2007 U.S. Dist. LEXIS 60801 (D.N.J. Aug. 16, 2007); see also Gilmore v. Ricci, 2007 U.S. Dist. LEXIS 81778 (D.N.J. Nov. 2, 2007) (citing United States v. Price, 400 F.3d 844, 849 (10th Cir.), cert. denied, 126 S. Ct. 731 (2005), for the proposition that Blakely does not apply retroactively to cases on collateral review).

11. Finally, since Petitioner vaguely raises Apprendi-based challenges, the Court will construe the Petition as either an application for leave to "re-appeal" from the § 2255 ruling (which must be filed with the Fourth Circuit, not with this Court) or as a second and successive motion to

vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (which must be filed in the district of conviction, and over which this Court equally lacks jurisdiction).[9] Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing, see 28 U.S.C. § 2244, same as a delayed appeal may be filed with the applicable Court of Appeals only of that has authorized such filing. See Fed. R. App. P. 5. In view of Petitioner's litigation history in the Fourth Circuit, it does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the

---

[9] Although this Court is reclassifying the Petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals. Because Petitioner has already pursued unsuccessful § 2255 motions, no purpose would be served by a Miller notice.

13

Fourth Circuit, as a request for leave to file either an appeal or a second/successive § 2255 motion.[10]

**IT IS on this   19th   day of   December  , 2007, ORDERED** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall supply Petitioner with a blank form in forma pauperis application; and it is further

**ORDERED** that, within 30 days of the date of entry of this Order, Petitioner shall either remit the $5.00 filing fee or submit a completed and signed in forma pauperis application, with Petitioner's affidavit of poverty; and it is finally

**ORDERED** that the Clerk shall serve this Order by regular mail upon Petitioner, and shall close the file on this matter.

                                        s/ Jerome B. Simandle
                                        **JEROME B. SIMANDLE**
                                        **United States District Judge**

---

[10] The Court's finding, however, in no way prevents Petitioner from seeking leave to file another appeal or a second/successive § 2255 motion directly from the Fourth Circuit. This Opinion likewise does not address whether Petitioner may seek resentencing before his sentencing court on account of the retroactive application of new crack cocaine sentencing guidelines in the November 1, 2007 amendments to U.S.S.G. § 2D1.1, which the Sentencing Commission has determined may be grounds for a sentencing reduction effective March 3, 2008, by operation of 18 U.S.C. § 3582(c)(2).

14