IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
ARTHUR L. HAIRSTON, SR.,            :
                                    :         Civil Action No.
            Petitioner,             :         07-5487 (JBS)
                                    :
      v.                            :
                                    :         **MEMORANDUM**
WARDEN GRONEOLSKY,                  :         **OPINION**
                                    :
            Respondent.             :
_____:

SIMANDLE, District Judge:

      This matter is before the Court upon motion of Petitioner

Arthur L. Hairston, Sr., for reconsideration of this Court's

Order of December 20, 2007 ("December Order"), which had

dismissed Petitioner's Petition for lack of jurisdiction.

Petitioner now asserts that this Court has proper jurisdiction

over his Petition.

      After reviewing Petitioner's allegations, this Court finds

that:

1.    On November 14, 2007, Petitioner submitted his Petition,

      pursuant to 28 U.S.C. § 2241.  See Docket Entry No. 1.

2.    On December 19, 2007, this Court issued a memorandum order

      (filed December 20, 2007) dismissing the Petition for lack

      of jurisdiction.  See Docket Entry No. 2.  The Court

      explained to Petitioner that

            Congress established a procedure whereby a federal
            prisoner might collaterally attack his sentence in
            the sentencing court.  See 28 U.S.C. § 2255; Davis

v. United States, 417 U.S. 333, 343-44 (1974);
United States v. Hayman, 342 U.S. 205, 219 (1952).
. . .  "Motions pursuant to 28 U.S.C. § 2255 are
the presumptive means by which federal prisoners
can challenge their convictions or sentences that
are allegedly in violation of the Constitution."
Okereke v. United States, 307 F.3d 117, 120 (3d
Cir. 2002).  This is because § 2255 expressly
prohibits a district court from entertaining a
challenge to a prisoner's federal sentence under §
2241 unless the remedy under § 2255 is "inadequate
or ineffective" to test the legality of the
petitioner's detention.  See 28 U.S.C. § 2255;
[accord] Cradle v. Miner, 290 F.3d 536 (3d Cir.
2002); In re Dorsainvil, 119 F.3d 245, 251 (3d
Cir. 1997).  A § 2255 motion is inadequate or
ineffective, authorizing resort to § 2241, "only
where the petitioner demonstrates that some
limitation of scope or procedure would prevent a §
2255 proceeding from affording him a full hearing
and adjudication of his wrongful detention claim."
Cradle, 290 F.3d at 538.  The . . . Court of
Appeals . . . recognized that, under certain very
rare situations, a prisoner who cannot satisfy the
gate-keeping requirements of § 2255 should be
permitted to proceed under § 2241, which has
neither a limitations period nor a proscription
against filing successive petitions.  See
Dorsainvil, 119 F.3d at 251. [However,] the
Dorsainvil exception . . . is satisfied only where
petitioner "had no earlier opportunity to
challenge his conviction for a crime that an
intervening change in substantive law [has]
negate[d]."  Id. at 251.  The court emphasized . .
. that [Dorsainvil] was not intended to suggest
that § 2255 would be considered "inadequate or
ineffective" merely because a petitioner is unable
to meet the stringent limitations or gatekeeping
requirements of § 2255.  Id.  To the contrary, . .
. § 2255 was "inadequate or ineffective" in the
unusual circumstances presented in Dorsainvil
because it would have been a complete miscarriage
of justice to confine a prisoner for conduct that,
based upon an intervening [law], may not have been
criminal conduct at all.  Id. at 251-52.

Docket Entry No. 2, at 4-7 and n. 5.

3.    On January 8, 2008, the Court received from Petitioner his

motion for reconsideration of the December Order ("Motion")

alleging that his Petition should be within the Court's

jurisdiction, because the Court of Appeals erred in its

holding in Dorsainvil by crafting an exception too narrow,

see Docket Entry No. 3, at 7-8, 11, and arguing that the

exception should be enlarged by this Court to allow for §

2241 prosecution of quasi-§-2255 claims, currently barred

from § 2241 review by the holding of Cradle.  See id. at 8.

In alternative, Petitioner maintains that his circumstances

qualify his Petition for the Dorsainvil exception and,

hence, allow a § 2241 review of his claims.[1]  See id. at 8-

9.

4.    Procedurally, Local Rule 7.1(i) requires that a motion for

reconsideration be "served and filed within 10 business days

after the entry of the order or judgment on the original

motion by the Judge or Magistrate Judge."  L. Civ. R.

7.1(i).  In the instant case, the Court entered its December

---

[1]   The remainder of Petitioner's Motion consists of numerous
repetitions of the statements made in Petitioner's Petition, as
well as of an abundance of rhetorical statements, such as
"[t]here is one thing for certain and two things for sure[:] the
one thing is [that Petitioner] belong[s] to God and [is] his
Anoi[n]ted no matter what . . . court[s] think . . . [and, two,
that Petitioner] will be delivered one day from this miscarriage
of justice [pursuant to the Book of] John, Chapter 2[,] verses
26[-]29," Pet. at 1; the legal purpose of these repetitions and
rhetorical statements is not entirely clear to this Court.

Order on December 20, 2008.  See Docket Entry No. 3.

Petitioner's Motion, however, was executed on January 4,

2008, that is, fifteen days after the entry of the December

Order.  See Mot. at 11-12.  The Motion, therefore, is

untimely and should be denied.  However, this Court

recognizes that it is especially important that the Court be

lenient in enlarging the deadline for reconsideration where

the original order under attack was the product of the

preliminary review of a pro se application.  The opportunity

for the Court to take a second look at its dismissal order

through reconsideration of something that may have been

unclearly stated in such pro se application certainly

advances fairness to pro se litigants like Petitioner.

5.   Turning then to the substance of Petitioner's Motion, the

Court finds that Petitioner has failed to sustain the burden

imposed upon him by the standard governing motions for

reconsideration.  The "purpose of a motion for

reconsideration is to correct manifest errors of law or fact

or to present newly discovered evidence."  Harsco Corp. v.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a

motion under Rule 7.1(i) may be granted only if: (1) an

intervening change in the controlling law has occurred; (2)

evidence not previously available has become available; or

(3) it is necessary to correct a clear error of law or

prevent manifest injustice.  See North River Ins. Co. v.

CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

6.   Here, Petitioner asserts, as one alternative, that the

circumstances of his claim are qualitatively analogous to

those presented in Dorsainvil.  Petitioner errs.  In In re

Dorsainvil, 119 F.3d at 251, the Third Circuit applied the

"inadequate or ineffective" test to a § 2241 claim

challenging a sentence on the basis of a change of

substantive law that occurred after Dorsainvil's first §

2255 motion was decided.  Specifically, Dorsainvil claimed

that he has became actually innocent of "use of a firearm"

after the Supreme Court held in Bailey v. United States, 516

U.S. 137 (1995), that this very crime, "use of a firearm,"

did not apply to the particular conduct involved in

Dorsainvil's circumstances.  The Supreme Court later ruled

that Bailey applied retroactively under § 2255 to

convictions that were final, see Bousley v. United States,

523 U.S. 614 (1998), and, in addition, encouraged collateral

review by clarifying that "[d]ecisions of [the Supreme

Court] holding that a substantive federal criminal statute

does not reach certain conduct . . . necessarily carry a

significant risk that a defendant stands convicted of 'an

act that the law does [no longer] make criminal.'"  Id. at

620 (1998) (quoting Davis v. United States, 417 U.S. 333,

346 (1974)).  In light of the fact that, by the time of

Dorsainvil's submission of his § 2241 claim, Dorsainvil was

serving a prison term for the conduct that was no longer a

criminal act altogether, under the holding of <u>Bailey</u>, the

Court of Appeals for the Third Circuit created the carefully

tailored <u>Dorsainvil</u> exception.  The exception, however, is

inapplicable to the case at bar.  Here, Petitioner's

underlying criminal conviction is based on three counts of

distribution of crack cocaine and two counts of aiding and

abetting the distribution of crack cocaine.  <u>See</u> <u>United</u>

<u>States v. Hairston</u>, 152 F. Supp. 2d 894, 2001 U.S. Dist.

LEXIS 8802 (N.D. W. Va., 2001).  Neither the act of

distribution of crack cocaine, nor that of aiding and

abetting the distribution of crack cocaine, has been re-

qualified, by any intervening change in controlling law,

into a non-criminal conduct.  Therefore, Petitioner's

circumstances fall outside the <u>Dorsainvil</u> exception.  It

follows that Petitioner's claims cannot proceed as 28 U.S.C.

§ 2241 action and, effectively, present nothing but a second

and successive § 2255 application.  <u>See</u> <u>Cradle v. Miner</u>, 290

F.3d 536.

7.   Petitioner's alternative allegations (<u>i.e.</u>, that the Court

of Appeals erred by creating an exception in <u>Dorsainvil</u> too

narrow in comparison to what Petitioner believes the

exception would have been in the event the Supreme Court had

addressed the issue) are not properly before this Court.  As

the Court of Appeals clarified,

> a lower court [is] bound by both the [higher court's]
> choice of legal standard or test and by the result it
> reaches under the standard or test.  As Justice
> Kennedy has stated, courts are bound to adhere not
> only to results of cases, but also "to their
> explications of the governing rules of law."  Our
> system of precedent or stare decisis is thus based on
> adherence to both the reasoning and result of a case,
> and not simply to the result alone.  This
> distinguishes the American system of precedent,
> sometimes called "rule stare decisis," from the
> English system, which historically has been limited
> to following the results or disposition based on the
> facts of a case and thus referred to as "result stare
> decisis."

Planned Parenthood of Southeastern Pa. v. Casey, 947 F.2d

682, 691-92 (3d Cir. 1991)(citations omitted), aff'd in part

and rev'd in part on other grounds, 505 U.S. 833 (1992);[2]

see also Briley v. City of Trenton, 164 F.R.D. 26, 29

---

[2]  The following factors must be present before a prior
decision has stare decisis effect: (1) the decision must
constitute a holding of the majority of the court and if a
particular result is adopted by a clear majority of the court, it
has absolute precedential effect in substantially identical legal
and factual circumstances; (2) the decision must involve an issue
of law; (3) similar factual situations must be involved; (4) an
issue was actually determined by the decision; (5) the decision
must be from the same court or from a court which the court
applying stare decisis owes obedience.  See 3-30 Moore's
Manual-Federal Practice and Procedure §30.11, (2007); (citing,
inter alia,City of Erie v. Pap's A.M., 529 U.S. 277, 285 (2000);
Rappa v. New Castle County, 18 F.3d 1043, 1061 (3d Cir. 1994)).
Since the Court of Appeals' decision in Dorsainvil meets all five
factors, it has stare decisis effect and is binding on this
Court.

(D.N.J. 1995)("[where] the Supreme Court declined to rule with respect to [a certain issue], the doctrine of <u>stare decisis</u> compels this Court to apply the Third Circuit's . . . standard to [that issue]").  Consequently, this Court is bound by the Court of Appeals' decision in <u>Dorsainvil</u>, and Petitioner's allegations as to the allegedly undue narrowness of the <u>Dorsainvil</u> exception (as well as Petitioner's arguments based on such alleged narrowness of the exception) fall outside this Court's mandate and may be presented only to the United States Supreme Court.


<u>CONCLUSION</u>

For the reasons stated above, Plaintiff's motion for reconsideration of the Dismissal Order of December 20, 2007 will be denied, and the accompanying Order will be entered.


                                   **s/ Jerome B. Simandle**
                                   JEROME B. SIMANDLE
                                   U.S. District Judge

Date: **March 5, 2008**